

# COURT OF APPEALS
**SECOND DISTRICT OF TEXAS**
**FORT WORTH**

### NO. 02-14-00310-CR

DAVID EUGENE BROCK                                                      APPELLANT

V.

THE STATE OF TEXAS                                                          STATE

----------

FROM THE COUNTY COURT AT LAW NO. 2 OF WICHITA COUNTY
TRIAL COURT NO. 59191-F

----------

## MEMORANDUM OPINION[1]

----------

Appellant David Eugene Brock's notice of appeal was due on July 31, 2014, but was filed one day late on August 1, 2014. *See* Tex. R. App. P. 26.2(a)(2). On September 18, 2014, we informed Brock of our concern that we may not have jurisdiction over this appeal and requested that he advise the court

---

[1]*See* Tex. R. App. P. 47.4.

whether he filed the notice of appeal by mail.[2]  *See* Tex. R. App. 9.2(b).  Brock filed a response and motion for extension of time to file notice of appeal on September 29, 2014.  He stated that he filed the notice of appeal on August 1, 2014, based on his good-faith belief that it was timely filed on that date and that he learned of his miscalculation only upon receipt of our September 18 letter.

It is well established that a notice of appeal that complies with the requirements of rule 26 is essential to vest this court with jurisdiction.  *Slaton v. State*, 981 S.W.2d 208, 210 (Tex. Crim. App. 1998); *Olivo v. State*, 918 S.W.2d 519, 522 (Tex. Crim. App. 1996).  If an appeal is not timely perfected, the court has no jurisdiction and can take no action other than to dismiss the appeal. *Slaton*, 981 S.W.2d at 210.

As part of his response to our jurisdiction letter, Brock filed a motion for extension of time to file notice of appeal, but the motion was not timely filed, *see* Tex. R. App. P. 26.3, and we are unable to construe the motion as timely filed despite Brock's good-faith belief that the notice of appeal was timely.  *See Olivo*, 918 S.W.2d at 523 ("When a notice of appeal, but no motion for extension of time, is filed within the fifteen-day period, the court of appeals lacks jurisdiction to dispose of the purported appeal in any manner other than by dismissing it for lack of jurisdiction.").

---

[2]On September 16, 2014, we received the clerk's record in this case, which did not include documentation to show that the notice of appeal had been mailed on or before the due date and therefore alerted us to the jurisdictional issue.  *See* Tex. R. App. P. 9.2(b).

Accordingly, we deny Brock's motion and dismiss this appeal for want of jurisdiction.  *See* Tex. R. App. P. 43.2(f).

PER CURIAM

PANEL:  WALKER, MCCOY, and MEIER, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED:  October 30, 2014